1 | ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
  | TRUEBLOOD LAW FIRM
2 | 10940 Wilshire Boulevard, Suite 1600
  | Los Angeles, California 90024
3 | Telephone: (310) 443-4139
  | Facsimile: (310) 943-2255
4 |
  | Attorneys for Plaintiff
5 | YESENIA GONZALEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL PARK HOLDINGS, INC. dba Seven Star Recovery Services, VEROS CREDIT, LLC, MVTRAC, LLC, MVCONNECT, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 15-CV-00618-JLS−SS<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) CONVERSION**<br><br>**(4) VIOLATIONS OF THE COLLATERAL RECOVERY ACT** |

COMPLAINT

Plaintiff Yesenia Gonzalez hereby complains against defendants Central Park Holdings, Inc. dba Seven Star Recovery Services ("Seven Star"), Veros Credit, LLC, and MVTRAC, LLC and MVCONNECT, LLC (together "MVCONNECT"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased an automobile from a private party, and took title, free and clear of any liens. Defendant Veros Credit, an automobile lender, had no valid lien or security interest in the vehicle. Nonetheless, defendant Veros Credit, directly or indirectly, hired defendant Seven Star to repossess plaintiff's vehicle.

2. Defendant Seven Star utilized a database provided by defendant MVCONNECT to locate and repossess plaintiff's vehicle.  The database provides information to repossession agencies about the current location of vehicles using license plate scanning technology, in order to repossess collateral.  Because it accepts compensation to locate collateral, MVCONNECT is required to be licensed as a repossession agency in California. It is not so licensed.

3. Defendants Seven Star and the Doe defendants came to plaintiff's home and attached plaintiff's vehicle to their truck.  Plaintiff's brother-in-law became aware of the repossession, and asked why Seven Star was taking the car. Doe Defendant No. 1, the driver of the vehicle and an employee or manager of Seven Star, replied "It's none of your fucking business, get out of my way!"  Doe Defendant No. 1 then drove away with plaintiff's vehicle.  Plaintiff saw that her car was being stolen, and tried to follow Doe No. 1, who sped up and took evasive maneuvers in order to lose plaintiff.

4. Veros Credit admitted to plaintiff that it had wrongfully taken her vehicle. Defendant Seven Star had seized plaintiff's personal possessions inside the vehicle.  Plaintiff went to Seven Star to get her personal possessions and her vehicle. Before being permitted to inspect the vehicle or the personal possessions, defendants insisted that plaintiff turn over her keys.  Plaintiff was reluctant to hand

over her keys to the people who had just stolen her car, and Doe No. 1 shouted at plaintiff "Just give me your fucking keys!"

5. Seven Star and Doe defendant No. 1 told plaintiff she had to sign several written waivers of any legal claims she had against Seven Star, MVCONNECT, and Veros Credit, before getting her vehicle or possessions back. Plaintiff objected, but Doe defendant No. 1 told her she would not get her car back unless she signed. Plaintiff signed the waivers under duress. When Doe No. 1 finally returned plaintiff's vehicle to her, he yelled "Here's your fucking car!" Plaintiff then discovered that defendants had damaged the vehicle and her radio.

## JURISDICTION AND VENUE

6. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

8. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

9. Defendant Central Park Holdings, Inc. dba Seven Star Recovery Services is a California corporation.

10. Defendant Veros Credit, LLC is a California limited liability company.

11. Defendant MVTRAC, LLC is a Delaware limited liability company.

12. Defendant MVCONNECT, LLC is an Illinois limited liability company.

13. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued

by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14.    At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

**FIRST CAUSE OF ACTION**
**(Against All Defendants Except Veros Credit for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

15.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16.    Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17.    Defendants violated 15 U.S.C. § 1692f(6) by taking any nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

18.    Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

19.    Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and

3

COMPLAINT

persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

20. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

21. Plaintiff seeks treble damages and her reasonable attorneys fees and costs against defendant MVCONNECT, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

22. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

24. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction. In addition, defendants MVCONNECT are debt collectors because they compose and sell collection media used or intended to be used for debt collection.

25. Defendants violated Civil Code § 1788.10(a) by collecting or attempting to collect property alleged to be due from a natural person by reason of a

consumer credit transaction, using criminal means to cause harm to property. Defendant MVCONNECT committed a misdemeanor under Bus. & Prof. Code §§ 7502 and 7502.1(a) by engaging in the activities of a repossession agency without a license in connection with the repossession of plaintiff's vehicle. Defendants Veros Credit, Seven Star, and the Doe defendants committed grand theft in violation of Penal Code § 487. As a result of these crimes, plaintiff lost money, suffered damage to her vehicle, and lost use of her vehicle.

26. Defendants Seven Star, Veros Credit, and the Doe defendants violated Civil Code § 1788.10(a) by using physical force to cause damage to plaintiff's vehicle.

27. Defendants Seven Star, Veros Credit, and the Doe defendants violated Civil Code § 1788.11(a) by using obscene or profane language while collecting or attempting to collect an alleged debt.

28. Defendants violated Civil Code § 1788.33 by requiring plaintiff to sign a waiver of her rights under the Rosenthal Act.

29. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

30. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

31. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

32. Defendants' violations of the Rosenthal Act were willful and knowing.

Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

33. Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

34. Plaintiff seeks treble damages and her reasonable attorneys fees and costs against defendant MVCONNECT, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below

### THIRD CAUSE OF ACTION
### (Against Veros Credit, Seven Star, and the Doe Defendants For Conversion)

35. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

36. Plaintiff was entitled to immediate possession of her vehicle when it was repossessed by defendants.

37. Defendants wrongfully deprived plaintiff of possession of her vehicle by repossessing it without any present right to do so.

38. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### (Individual and Private Attorney General Action Against Defendants MVTRAC, LLC, MVCONNECT, LLC, and the Doe Defendants For Violations of the Collateral Recovery Act, Bus. & Prof. Code § 7502.6)

39. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

40. Defendant MVCONNECT is a repossession agency within the meaning of Bus. & Prof. Code § 7500.2, in that it engages in business and/or accepts employment to locate collateral, for consideration. It is prohibited from

these activities pursuant to Bus. & Prof. Code § 7502, because it is not licensed in California.

41.  Bus. & Prof. Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossession agency to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against MVCONNECT.

42.  Plaintiff seeks treble damages and her reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For civil fines;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  March 15, 2016              Respectfully Submitted,

                                    TRUEBLOOD LAW FIRM


                                    By:  _____/s/_____
                                         Alexander B. Trueblood

                                    Attorneys for Plaintiff
                                    YESENIA GONZALEZ

7

COMPLAINT